T.C. Summary Opinion 2009-123

UNITED STATES TAX COURT

PRESTON B. HANDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2105-07S, 3614-07S.    Filed August 4, 2009.

<u>Jay Stuart Dankberg</u>, for petitioner.

<u>Jessica R. Browde</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  These consolidated

cases were heard pursuant to the provisions of section 7463 of

the Internal Revenue Code in effect when the petitions were

filed.[1]  Pursuant to section 7463(b), the decision to be entered

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, all
Rule references are to the Tax Court Rules of Practice and
Procedure, and amounts are rounded.

in each docket is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) determined deficiencies and penalties in petitioner Preston B. Handy's Federal income tax for taxable years 2003 and 2004 (the years in issue) as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2003 | $2,375 | $475 |
| 2004 | 2,196 | 439 |

The issues for decision are: (1) Whether petitioner is entitled to itemized deductions in amounts greater than the standard deductions the IRS allowed, and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a) and (b)(1).

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference.

Petitioner lived in New York when he filed each petition. During the years in issue, petitioner was a professional actor and performer and a dues-paying member of both the Screen Actor's Guild and the American Federation of Television and Radio Artists.

Petitioner has been an actor since 1973, with roles in movies, television, and theatrical productions. At a time not apparent from the record, petitioner leased one or more rooms on

the third floor of a residential building in Brooklyn. Petitioner occasionally lived at that location, where he also stored his acting wardrobe and his business records.

Petitioner timely filed his Federal income tax returns for the years in issue, reporting the following income on Forms 1040, U.S. Individual Income Tax Return:

| Income | 2003 | 2004 |
|---|---|---|
| Wages, salaries, tips | $18,014 | $19,108 |
| Taxable interest | 2,584 | -0- |
| Taxable State tax refund | 56 | 312 |
| Unemployment compensation | 7,148 | 5,559 |
| Total income | 27,802 | 24,979 |

Petitioner claimed the following expenses on Schedules A, Itemized Deductions, and Forms 2106, Employee Business Expenses:

| Expenses | 2003 | 2004 |
|---|---|---|
| Job expenses & most miscellaneous deductions | | |
| Parking fees, tolls and transportation, not including overnight travel or commuting | $4,007 | $4,237 |
| Travel expenses while away from home overnight | -0- | 1,009 |
| Business expenses | 15,896 | 16,254 |
| 50 percent of meals and entertainment expenses | 1,524 | 2,048 |
| Tax preparation fees | 350 | -0- |
| Total job & miscellaneous expenses | 21,777 | 23,548 |
| 2-percent sec. 67 limitation | (556) | (500) |
| Total job & miscellaneous deduction | 21,221 | 23,048 |
| State income taxes | 745 | 754 |
| Total itemized deductions | 21,966 | 23,802 |

Petitioner did not provide any further details of his business expenses on his 2003 return, but he included with his 2004 return the following schedule detailing his business expenses:

| Expense | 2004 |
|---|---|
| Agent's fees | $1,850 |
| Office | 1,205 |
| Union dues | 1,597 |
| Postage | 3,042 |
| Telephone | 3,569 |
| Professional research | 1,024 |
| Dues and subscriptions | 554 |
| Costumes | 2,609 |
| Hairstyling | 505 |
| Business gifts | 175 |
| Miscellaneous | 124 |
| Total detailed business expenses | 16,254 |

The IRS issued a notice of deficiency for taxable year 2004 on October 17, 2006, and a separate notice of deficiency for taxable year 2003 on November 8, 2006. The IRS disallowed petitioner's unreimbursed business expenses for both years, determining that petitioner failed to substantiate the expenses and failed to establish that the expenses were ordinary and necessary to petitioner's business. The IRS allowed petitioner the standard deduction for each of the years in issue. Petitioner timely petitioned this Court for redetermination.

On March 8, 2007, the New York City buildings commissioner ordered petitioner's room in Brooklyn vacated because of

conditions deemed imminently perilous to life. The order prohibited reentry until the hazardous conditions were eliminated. Petitioner was away from his room in Brooklyn when he received a telephone call informing him of this action. Petitioner did not have an opportunity to remove his belongings. Upon reentering the property after the city ordered it vacated, petitioner found his acting wardrobe, business records, furniture, and props wet and in some disarray.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Petitioner therefore bears the burden of proof.

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is required to maintain records sufficient to enable the Commissioner to determine his correct tax liability. Sec. 6001;

sec. 1.6001-1(a), Income Tax Regs.  Such records must substantiate both the amount and purpose of the claimed deductions.  Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are generally permitted to estimate the deductible amount.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  To apply the Cohan rule, however, the Court must have a reasonable basis upon which to make an estimate.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Congress overrode the Cohan rule with section 274(d), which requires strict substantiation for certain categories of expenses; in the absence of evidence demonstrating the exact amounts of those expenses, deductions for them are to be disallowed entirely.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Expenses subject to section 274(d) include travel and meal expenses, as well as expenses for listed property, such as passenger automobiles, computers, and cellular telephones.  Secs. 274(d), 280F(d)(4).  A taxpayer must substantiate the amount, time, place, and business purpose of these expenditures and must provide adequate records or sufficient evidence to corroborate his own statement.  See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

An exception allows a taxpayer to substantiate his expenses through a reasonable reconstruction of his records, but only where the taxpayer establishes that his records were lost due to circumstances beyond his control, such as to fire, flood, earthquake, or other casualty. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).

Section 162(a) allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. Performing services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Those expenses that are (1) ordinary and necessary to the taxpayer's business and (2) paid or incurred in a given year are deductible that year; however, personal, living, or family expenses are not deductible. See secs. 162(a), 262(a); sec. 1.162-17(a), Income Tax Regs.

Petitioner testified that his receipts and business records were lost when the city "condemned" his room in Brooklyn. Petitioner asserts that his records were lost due to a casualty and through no fault of his own and argues that he should be allowed to reconstruct his records. Petitioner also testified that at the time of trial he believed that the condemnation occurred before he received notification from the IRS regarding deficiencies for the tax years in issue.

Respondent asserts that the city action and any water damage occurred in March 2007, not only well after the IRS completed the examination and issued both notices of deficiency in 2006 but also after petitioner requested redetermination of the deficiencies by filing petitions with this Court in January and February 2007. Respondent asserts that petitioner did not produce any records to substantiate his expenses during the examination of his returns and that petitioner has not provided any corroboration of any loss of property at this location.[2]

Petitioner introduced a sign from the New York City buildings commissioner stating that the premises (the front room on the third floor of the building in Brooklyn where he rented space) had been vacated and that reentry was prohibited until the conditions deemed imminently perilous to life were rectified to the satisfaction of the New York City Buildings Department. The sign is dated March 8, 2007. Petitioner also introduced a listing of building violations which indicates that a notice of violation regarding water leaking onto the third-floor public hall was issued on January 17, 2007, but that entry did not indicate that petitioner's unit was affected. The listing covers

---

[2] Petitioner testified that he stored his acting wardrobe in the room in Brooklyn and that he purchased insurance on his acting wardrobe from Allstate Financial. At trial he did not substantiate his loss (for example, by introducing evidence that he filed a claim with Allstate for lost or damaged props or costumes or by offering his 2007 Federal income tax return to show that he claimed a casualty loss deduction).

the period from July 12, 2005, through March 13, 2007, but it does not list any violation in March 2007 directly affecting either the third floor or petitioner's room, and it does not describe the conditions that triggered the action taken by the New York City Buildings Department on March 8, 2007.

In preparation for trial petitioner's counsel sent letters to many businesses and individuals from whom petitioner asserts he purchased goods and services related to his business in 2003 and 2004.  In these letters petitioner's counsel asked each vendor to specify the amounts petitioner paid the particular vendor during the years in issue.  Some of the letters were completed and returned.  Petitioner's counsel offered the letters into evidence.  Respondent's counsel objected that the letters are out-of-court statements offered for the truth of their contents.  We sustained respondent's hearsay objection.[3]  See Fed. R. Evid. 801(c).

The Court did provide petitioner an opportunity to review each of the proffered documents one at a time.  After the review of each document, petitioner was mostly unable to provide

---

[3] Rule 174(b) provides that any evidence deemed by the Court to have probative value shall be admissible in a small tax case. When petitioner's counsel attempted to lay a foundation for the admission of the third-party statements, petitioner was unable to adequately identify the documents or show any independent recollection of the facts and circumstances that were the subject matter of the particular documents.  The Court thus concluded that the documents had little, if any, probative value.

independent testimony as to the facts and circumstances surrounding the particular expenditure that was the subject matter of the document. Although at times petitioner appeared to indicate that his recollection was refreshed, as soon as a particular document was out of his sight he was often unable to provide any coherent testimony as to the subject matter of the claimed deduction. Thus, in most instances petitioner's recollection was not refreshed by the use of these numerous exhibits. See Fed. R. Evid. 612.

Assuming arguendo that petitioner's records were destroyed after he was prohibited from entering his room in Brooklyn, he has not reasonably reconstructed any records as required by the exception to the strict substantiation requirement of section 274. We may accept credible testimony of a taxpayer to substantiate a deduction requiring strict substantiation when a casualty to the taxpayer's records has been established and no documentation is available, but we are not required to do so. Boyd v. Commissioner, 122 T.C. 305, 320 (2004) (citing Watson v. Commissioner, T.C. Memo. 1988-29). In this case there is insufficient evidence of a casualty. In any event we do not find petitioner's testimony sufficiently specific or credible to satisfy the requirements of section 274 and the exception

thereto.[4]  Accordingly, we will not allow any deduction for travel and meal expenses or for expenses for listed property, such as passenger automobiles, computers, and cellular telephones.  Thus, the remaining item for consideration is the deduction claimed and identified by petitioner as "Business Expenses" ($15,896 for 2003 and $16,254 for 2004).

Petitioner included a schedule detailing his business expenses with his 2004 return but did not include such a schedule with his 2003 return.  His testimony indicates that he claimed similar business expenses for each year.  We will use the categories he provided for 2004 as a guide to our analysis of his deductible expenses for each year.  The categories are:

> Agent's fees
> Office
> Union dues
> Postage
> Telephone
> Professional research
> Dues and subscriptions
> Costumes
> Hairstyling
> Business gifts
> Miscellaneous

---

[4] Petitioner testified that he incurred expenses in 2003 in excess of $25,000.  The claimed expenses exceed petitioner's wage income for 2003 of $18,014 and approach his total income of $27,802.  Petitioner alleges that his sleeping on friends' couches and eating for free at movie and television sets enabled him to live in New York City on only a few thousand dollars in 2003.

Petitioner's testimony indicates that he paid several agents to help him secure work. His explanation of office expenses suggests that those expenses were directed to the same purpose; to wit, preparing mailings to send to producers and others. We are satisfied that petitioner incurred expenses for agents and promotional materials, and we allow a combined $1,500 deduction for agent and office expenses for each year in issue.

The parties stipulated that petitioner paid $609 and $531 in union dues for 2003 and 2004, respectively. We are not convinced that he paid more than these amounts for the years in issue.

Petitioner introduced a list of addresses to which he mailed postcards and pictures and other promotional materials during 2003 and 2004 in order to solicit acting work. We are satisfied that he made many such mailings and allow $1,000 for postage expenses for each year in issue.

Petitioner testified that his telephone expenses included payments for a voice mail service as well as for service for two cellular telephones that he used strictly for business. Under section 274, we may not estimate expenses for listed property, which includes cellular telephones. Although petitioner testified that he subscribed to a voice mail service, we note that cellular telephone service typically includes voice mail. Thus, we will not estimate any additional expense for an additional voice messaging service.

Petitioner's testimony about professional research expenses was general and vague, and those expenses appeared to overlap with his payments to agents and with his claimed dues and subscription expenses. His testimony about dues and subscriptions involved reciting the newsstand price and publication frequency of several publications related to his acting profession and claiming to have purchased each issue of those items at newsstands. On this record, we do not have a reasonable basis to estimate any expenses for research, nor is there any evidence that petitioner paid for subscriptions to any trade publications. We will not estimate an expense for research, dues, or subscriptions.

Petitioner testified that he developed an extensive acting wardrobe. Some of his promotional materials depict him in costume, and some materials appear to list numerous costumes petitioner apparently owned and in which he stood ready to act. However, petitioner did not testify that he purchased any particular costumes or props during either year in issue, and he did not provide any detail of any roles he played during those years that required him to add to his professional wardrobe. We do not have any reasonable basis on which to estimate an expense for costume purchases in 2003 or 2004. See Vanicek v. Commissioner, 85 T.C. at 742-743; see also Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958).

Petitioner did not testify or introduce any other evidence relating to his claimed hairstyling expenses. Accordingly, we apply the general rule that grooming is an inherently personal expense and the cost is not deductible. Hynes v. Commissioner, 74 T.C. 1266, 1291-1292 (1980).

Petitioner's testimony with respect to expenses for business gifts indicates that he paid for meals and drinks for business associates. Meals and entertainment expenses are subject to the strict substantiation requirements of section 274, and therefore we may not estimate any expense for petitioner's business gifts for either year in issue.

Petitioner did not testify or introduce any other evidence relating to claimed miscellaneous expenses, and we cannot make an informed estimate without some reasonable basis.

As a result of our conclusions herein, petitioner's allowable itemized deductions are less than the standard deduction for each year in issue. Respondent's determination allowing the standard deduction for each year is accordingly sustained.

Respondent also determined an accuracy-related penalty for each year in issue, asserting that petitioner's deficiency results from negligence or disregard of rules and regulations. Pursuant to section 7491(c), the Commissioner bears the burden of production and must produce sufficient evidence showing that the

imposition of the penalty is appropriate in a particular case.
Higbee v. Commissioner, 116 T.C. at 446.

Respondent asserts that the magnitude of petitioner's
claimed deductions (roughly 120 percent of his wages for each
year and 77 to 94 percent of his total income for each year) and
petitioner's inability to substantiate his expenses even before
any alleged water damage to his room in Brooklyn collectively
indicate petitioner's negligence and disregard for rules and
regulations.  Respondent has satisfied his burden to show that
the penalties are appropriate.

Once the Commissioner meets his burden, a taxpayer must come
forward with persuasive evidence that the Commissioner's
determination is incorrect.  Rule 142(a); Higbee v. Commissioner,
supra at 447.  To the extent that a taxpayer shows there was
reasonable cause for an underpayment and that he acted in good
faith, section 6664(c)(1) prohibits the imposition of a penalty
under section 6662.

Petitioner used a return preparer to prepare his Federal
income tax returns for the years in issue.  He did not explain
what information he provided to his preparer or how the preparer
arrived at the amounts of expenses petitioner deducted on the
returns.  The damage to petitioner's room in Brooklyn may provide
reasonable cause for his inability at trial to produce records
substantiating his expenses, but, as noted, the listing of

violations that petitioner introduced makes no mention of water damage to his room, and he has not provided any evidence supporting his loss.  Petitioner failed to establish reasonable cause for the positions he took on his return and good faith in taking those positions.  Respondent's determination is sustained.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.